IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |  |
|---|---|---|
| RACHEL BROWN, | : | |
| | : | |
| *Plaintiff*, | : | Civil Action No.:  2:21-cv-1293 |
| | : | |
| v. | : | |
| . | : | |
| GRANE HEALTHCARE d/b/a | : | |
| APEX REHAB SOLUTIONS, INC., | : | |
| AND WOODHAVEN CARE CENTER, | : | |
| | : | |
| *Defendants*. | : | |

**COMPLAINT**

AND NOW, comes the Plaintiff, Rachel Brown, by and through her undersigned counsel, Sean A. Casey, Esquire, and files the following Complaint:

**Nature of the Action**

This is an action brought pursuant to Sex Discrimination under Title VII of the Civil Rights Act of 1964, as amended [42 U.S.C. §2000e-2(a)(1)], the Pennsylvania Human Relations Act [43 P.S. §951 *et seq.*] as well as retaliation, and the creation of a hostile work environment. The Plaintiff, Rachel Brown, seeks declaratory, injunctive, and compensatory relief for the discriminatory conduct, retaliation, creation of a hostile work environment, and termination of her positions by the Defendants in this matter.

## Parties

1. Plaintiff, Rachel Brown, is an adult individual, who currently resides at 787 Rubright Road, Apollo, Pennsylvania 15613.

2. At all times relevant hereto, the Plaintiff was a qualified individual and otherwise possessed all qualifications necessary to perform the essential functions of the job.

3. Defendant, Grane Healthcare d/b/a Apex Rehab Solutions, Inc., is a business incorporated under the laws of the Commonwealth of Pennsylvania, with an address of 209 Sigma Drive, Pittsburgh, Pennsylvania 15238.

4. Defendant, Woodhaven Care Center, a client of Grane Healthcare, is a business incorporated under the laws of the Commonwealth of Pennsylvania, with an address of 2400 McGinley Road, Monroeville, PA 15146.

5. It is estimated that the Defendant Grane Healthcare has well over fifty (50) employees in Western Pennsylvania.

6. It is estimated that the Defendant Woodhaven Care Center has well over fifty (50) employees in Western Pennsylvania.

## Jurisdiction

7. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. §1331, relating to federal questions.

8. Venue is proper in this case pursuant to 28 U.S.C. §1391(b).

## Statements of Fact

9. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

10. The Plaintiff accepted employment with the Defendant, Grane Healthcare d/b/a Apex Rehab Solutions Inc., as a full time Physical Therapy Assistant on or about February 13, 2020, and began working at their Woodhaven Care Center location.

11. Shortly after starting her employment, the Plaintiff noticed she was being treated differently than the heterosexual employees.

12. The Plaintiff learned that the Director of Nursing at the Woodhaven Care Center location, was a Danielle Beaken, who was the former Charge Nurse and Nursing Supervisor at Westmoreland Manor, which happened to be the location where the Plaintiff was previously working.

13. While working at the Westmoreland Manor location, the Plaintiff had filed complaints of discrimination and retaliation, specifically naming her former rehab manager at Westmoreland Manor, Shelley Meyers.

14. The Plaintiff is aware that Ms. Beaken and Ms. Meyers are close friends.

15. On February 17, 2020, the Director of Nursing, Danielle Beaken, wrote the Plaintiff up when a patient had fallen two (2) hours after the Plaintiff had completed treatment with said patient.

16. On that same date, Ms. Beaken indicated that she didn't want the same issues here that occurred at Allstar.

17. On February 24, 2020, the Plaintiff discussed her discipline with corporate for Grane Healthcare d/b/a Apex Rehab Solutions, Inc., and there was confusion for why the Plaintiff had been written up, as the patient had fallen two (2) hours after the Plaintiff had seen said patient.

18. Plaintiff is unaware of any heterosexual employees being disciplined for a patient falling when they had not been present with patient at time of fall.

19. The Defendant required the Plaintiff to take treatments from PT when she lost treatment time with patients, although no heterosexual physical therapy assistants were required to do the same when they lost minutes.

20. The Plaintiff was again written up on March 20, 2020, for allegedly stating in a negative tone that her caseload that day went from five to twelve patients, due to another physical therapy assistant being unavailable.

21. The Plaintiff is unaware of any heterosexual employees that were being disciplined for talking with another coworker about their workday.

22. On April 1, 2020, the Plaintiff was sent home due to a fever, and she went for COVID-19 testing.

23. The Plaintiff discussed remaining off work until she received her COVID-19 test results, to which the Rehab Director, Ryann SanDovel, demanded the Plaintiff tell her the symptoms she experienced daily, and then told the Plaintiff that her timeline and symptoms did not make sense.

24. Ms. SanDovel was short and unprofessional with the Plaintiff during the call, and said she was upset by her waiting for the results.

25. The Plaintiff received a negative COVID-19 test result and returned to work on April 7, 2020.

26. The Plaintiff was questioned regarding unethical billing due to Ms. SanDovel scheduling treatment minutes not appropriate for certain patients and was then upset at the Plaintiff when said minutes were not completed.

27. Ms. SanDovel again questioned the Plaintiff on April 14, 2020, concerning the Plaintiff needing to take two (2) fifteen-minute breaks instead of one (1) thirty-minute break, and informed the Plaintiff this was an "educational talk."

28. The "educational talk" was then changed to a formal verbal warning by the Administrator, John Austin, who was also formerly employed as an Administrator at the Westmoreland Manor location when the Plaintiff previously worked there and had filed complaints of discrimination and retaliation.

29. During that same day, Ms. SanDovel approached the Plaintiff multiple times insistently questioning her regarding her work performance, as she was critically monitoring her and creating a hostile work environment for the Plaintiff.

30. Again on April 20, 2020, the Plaintiff experienced severe scrutiny and questioning when a patient offered their lunch to the Plaintiff, which the Plaintiff did not accept.

31. On April 24, 2020, Ms. SanDovel sent the Plaintiff home for having a temperature of 99 degrees, which was not in accordance with company policy and the Plaintiff did not agree with.

32. The Plaintiff is not aware of heterosexual employees being disciplined, critically monitored, scrutinized, treated hostility and against company policies as she endured by Defendants.

33. On April 27, 2020, Ms. SanDovel terminated Plaintiff's employment with Grane Healthcare d/b/a Apex Rehab Solutions, Inc., for supposed violations that allegedly occurred weeks prior.

34. The Plaintiff is aware of multiple employees for the Defendants that were formerly working at the Westmoreland Manor location during the period of time Plaintiff filed complaints of discrimination and retaliation.

35. On or about November 16, 2020, the Plaintiff filed a Charge with the EEOC against Grane Healthcare, Apex Rehab Solutions, Inc., and Woodhaven Care Center, identified as Charge Number: 533-2021-00318.

36. On or about July 12, 2021, the EEOC issued Notice of Right to Sue for Charge Number 533-2021-00318. (Exhibit 1).

## Count 1: Sex Discrimination: Title VII and PHRA

37. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

38. The Defendants expressed discriminatory animus and committed discriminatory acts against the Plaintiff in violation of Sex Discrimination under Title VII of the Civil Rights Act of 1964, 42, U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq*.

39. The Plaintiff was critically monitored and scrutinized concerning standard practices and policies, whereas her heterosexual coworkers were not held to the same standards, nor disciplined as she was.

40. Defendants' actions were done with malice or reckless disregard of Plaintiff's federally protected rights.

41.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer, lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendant's discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

### Count 2: Retaliation: Title VII & PHRA

42.     Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

43.     Plaintiff, Rachel Brown, is a member of a protected class and entitled to the protections under Title VII of the Civil Rights Act of of 1964, 42, U.S.C. § 2000e-2(a)(1), and the Pennsylvania Human Relations Act, 43 P.S. §951 *et. seq*.

44.     Plaintiff had disclosed her sexual orientation, and had made complaints of discrimination and retaliation, which constituted protected activity under these statutes.

45.     The Defendants violated and interfered with Plaintiff's rights under these statutes.

46. As a result, Plaintiff was harassed, humiliated, terminated, and discriminated against by the Defendants in retaliation for the disclosure of her sexual orientation and the assertion of her rights under the Title VII and the PHRA.

47. Under Title VII and the PHRA, a retaliatory action by an employer toward an employee for exercising their statutory rights is a violation of that statute and against public policy.

48. As a direct and proximate result of Defendants' actions in violation of Title VII and the PHRA, Plaintiff suffered lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress, and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, reinstating her to the position she would have occupied but for the Defendants' discriminatory conduct, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the community, punitive damages, liquidated damages, declaratory and injunctive relief, attorney's fees and costs, and such other relief as the Court may deem appropriate.

A jury trial is demanded.


**Count 3: Hostile Work Environment**

49. Plaintiff incorporates all the previous paragraphs by reference as if fully set forth herein.

50. Plaintiff has repeatedly reported discrimination and retaliation to the Defendants, to various agents employed by the Defendants.

51. The Plaintiff's supervisors employed by Defendants had increasingly responded to Plaintiff in an intensely hostile manner, with behavior that was verbally threatening.

52. As described above, Defendants subjected the Plaintiff to a hostile work environment on the basis of her sexual orientation and retaliation of her complaints of discrimination.

53. As a direct and proximate result of Defendant's actions, the Plaintiff has suffered and continues to suffer, lost wages and benefits, lost employment opportunities and future income, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, the Plaintiff respectfully requests this Court enter judgment in her favor and against the Defendant, and award her damages for past lost wages and benefits, future lost wages and benefits, compensatory damages for humiliation, embarrassment and inconvenience, loss of standing and reputation in the academic community, punitive damages, declaratory and injunctive relief, attorney's fees and costs, adverse tax consequences, and such other relief as the Court may deem appropriate.

A jury trial is demanded.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that this Court:

A) Grant a permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert and participation with them, from engaging in, ratifying, or refusing to correct, employment practices which interfere with the exercise of rights and/or discriminate in violation of Sex Discrimination under Title VII and PHRA;

B) Order Defendant to institute and implement training programs, policies, and practices and programs designed to ensure the Defendant provides proper leave and does not retaliate and/or interfere with those who engage in statutorily protected activity;

C) Order Defendant to make whole Rachel Brown, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, compensate her for lost benefits, and all other affirmative legal and equitable relief necessary to eradicate the effects of its unlawful employment practice;

D) Order Defendant to pay Plaintiff compensatory damages in an amount to be determined at trial;

E) Order Defendant to pay Plaintiff the reasonable attorney's fees and costs and other legal expenses incurred by the Plaintiff in this matter;

F) Order Defendant to remove and expunge, or to cause to be removed or expunged, all negative, discriminatory, and/or defamatory memorandum or other documentation from the Plaintiff's record of employment; and

G) Award the Plaintiff such other legal and equitable relief as the Court deems appropriate and just.

Respectfully submitted

/s/ Sean A. Casey
Sean A. Casey
PA ID #79806
Email: sean@caseylegal.com

**SEAN A. CASEY, ATTORNEY AT LAW**
First & Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
T: (412) 201-9090
F: (412) 281-8481

Counsel for Plaintiff,
Rachel Brown